IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:05CR3006-2 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| DUANE A. RYAN, | ) | |
| | ) | |
| Defendant. | ) | |

    I am in receipt of the presentence investigation report in this case and the defendant's objections (filing 62).

    IT IS ORDERED that:

    (1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

    (2)    Assuming that every fact (not conclusion) that the defendant asserts in his objection regarding role in the offense is true (filing 62 ¶ 1), and recognizing that Ryan has admitted making methamphetamine between August 1, 2004 and December 31, 2004 (PSR ¶ 31) (quoting petition to enter a plea of guilty (filing 43 ¶ 45)) and

further recognizing that he made at least 150 grams of actual methamphetamine (PSR ¶ 10 (citing plea agreement (filing 44 ¶ 13)), the defendant is not entitled to a mitigating role adjustment.  For example, Ryan admits making a significant amount of actual methamphetamine over a span of four months; he admits that he made methamphetamine with Ricky Luebbe and that he and Luebbe jointly procured anhydrous ammonia for that purpose; Ryan admits that he received between 25 to 35 percent of the product of the joint endeavor; and he admits that he traveled to Grand Island, Nebraska to purchase supplies to make the jointly-produced methamphetamine.  While Ryan may be less culpable than Ricky Luebbe, and more culpable than Jeff Blattner, Mindy and Jerry Valentine, Jimmy Williams, and Donnie Luebbe, his relative culpability cannot properly be categorized as either minimal or minor under U.S.S.G. § 3B1.2.  Ryan's objection (filing 62) is therefore denied.[1]

(3)     The parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5)     Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final.

---

[1] I also note that Ryan did not submit a brief as required by the sentencing order. (Filing 46 ¶ 6(c).)

   (6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

   August 23, 2005.    BY THE COURT:

               s/ *Richard G. Kopf*
               United States District Judge